UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:92CR284-7-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| MICHAEL TODD ROZZELLE, | ) | |
| | ) | |
| Defendant. | ) | |

UPON MOTION OF THE DEFENDANT Michael Todd Rozzelle for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines, the Court GRANTS in PART and DENIES in PART the motion – agreeing with the Defendant that his sentence should be reduced but disagreeing with the Defendant as to the extent of the reduction.

According to the Supplemental Presentence Report (Doc. No. 28), pursuant to Amendment 750, Defendant's Guidelines range dropped from Life imprisonment to 360 months to Life imprisonment. The parties do not object to these calculations.[1] Defendant moves the Court to sentence Defendant to 360 months, the low end of the new Guidelines range, as recommended in the Supplemental Presentence Report. The United States objects, arguing the Defendant's original term of Life remains appropriate.

---

[1] Defendant's original Guidelines calculations were Offense Level 43 and Criminal History Category IV. Based on Amendment 705, Defendant's new Guidelines calculations are Offense Level 43 with the same Criminal History Category of IV. Also the Defendant's statutory range (ten years to Life) is not affected by Amendment 750.

While Amendment 750 permits a court to retroactively reduce a Defendant's sentence, the Commentary to U.S.S.G. §1B1.10 makes clear that the decision to reduce a sentence is committed to the discretion of the court.

Having calculated the new Guidelines range and considered the policy statements in the Guidelines (see note 1), the Court is guided by 18 U.S.C. § 3553(a) in determining the appropriate and reasonable sentence for the Defendant. In the instant case, the Court finds the nature and circumstances of the offense most compelling – heroin trafficking, conspiracy to commit violent crimes in aid of racketeering, murder in aid of racketeering, and assault with a danger weapon in aid of racketeering (and aiding and abetting the substantive offenses) – and that just punishment for such crimes requires a very lengthy sentence. The court also finds troubling the defendant's history and characteristics, specifically that he has been charged with fifteen (15) disciplinary actions while in custody. BUT, the Court notes that Defendant has participated and completed numerous training and behavior modification courses while in custody. See Doc. No. 31-1. These completed courses tell the Court that the Defendant has potential to be productive member of society in the future, but only after he has served a very lengthy sentence. Such a lengthy sentence will specifically deter him from committing more violent acts outside of prison. Finally a very lengthy sentence, although short of a Life sentence, will also have a general deterrence effect. The Court has considered all the sentencing factors found in section 3553(a) although it has only explicitly referenced those above.

THEREFORE, the Court amends the Defendant's commitment to the Bureau of Prisons as follows: Pursuant to the Sentencing Reform Act and United States v. Booker, the Defendant is committed to the custody of the Bureau of Prisons for a term of 600 months on each of Counts 1, 6, and 24, concurrent to each other and concurrent to the terms for Counts 2 and 21; a term of

36 months on Count 2, concurrent to the terms for Counts 1,2, 6, 21, and 24; and a term 240 months on Count 21, concurrent to the terms for Count 1, 2, 6, 21, and 24; for a total term of imprisonment of 600 months.

All other terms of the Defendant's original Judgment in a Criminal Case remain in full force and effect.

IT IS SO ORDERED.

Signed: May 16, 2014

Frank D. Whitney
Chief United States District Judge