UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-532-FDW
(3:92-cr-284-FDW-7)

| | |
|---|---|
| **MICHAEL TODD ROZELLE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner Michael Todd Rozelle's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C.§ 2255. (Doc. No. 1.)

I.  BACKGROUND

On May 23, 1993, Rozelle pled guilty to conspiracy to possess with intent to distribute cocaine base and heroin, 21 U.S.C. § 846; conspiracy to commit a crime involving maiming, assault with a dangerous weapon, or assault resulting in serious bodily injury in aid of racketeering activity 18 U.S.C. § 1959(a)(6)[1]; two different counts of murder in aid of racketeering, 18 U.S.C. § 1959(a)(1); and assault with a dangerous weapon in aid of racketeering, 18 U.S.C. § 1959(a)(3). Skeleton Docket 1, Doc. No. 5; Jan. 2015 Suppl. Presentence Report 1, Doc. No. 44.[2] The Court sentenced Rozelle to three concurrent life sentences, a concurrent three-year term, and a concurrent twenty-year term. United States v.

---

[1] The presentence report describes this offense as "conspiracy to commit violent crimes in aid of racketeering activity." Jan. 2015 Suppl. Presentence Report 1, Doc. No. 44. But the statute does not refer to "violent crimes"; it explicitly prohibits conspiracy to "commit a crime involving maiming, assault with a dangerous weapon, or assault resulting in serious bodily injury." 18 U.S.C. § 1959(a)(6). This statutory language has not changed materially since Rozelle's offense and conviction. See 18 U.S.C. § 1959(a)(6) (1988).

[2] Unless otherwise indicated, document references that are not in parentheticals are from Petitioner's criminal case: United States v. Rozelle, No. 3:92-cr-284-FDW-7 (W.D.N.C.). Document references in parentheticals are from the instant civil action: Rozelle v. United States, No. 3:16-cv-532-FDW (W.D.N.C.).

1

Rozelle, 43 F.3d 1469, 1994 WL 708482, at *4 (4th Cir. 1994) (unpublished).

The Fourth Circuit Court of Appeals affirmed Rozelle's judgments on December 14, 1994. Id. at *5. Rozelle subsequently filed a number of motions under § 2255. See United States v. Rozelle, 238 F. App'x 967 (4th Cir. 2007) (dismissing appeal of this Court's dismissal of successive § 2255 motion); United States v. Rozelle, No. 98-6025, 1998 WL 225175 (4th Cir. May 1, 1998) (dismissing appeal of this Court's denial of first § 2255).

With permission from the Fourth Circuit (Auth. to File Successive § 2255, Doc. No. 1-1), Rozelle filed the instant successive § 2255 Motion (Mot. to Vacate, Doc. No. 1.) The Government filed a Response raising several defenses and arguing that Rozelle was not entitled to relief on the merits. (Doc. No. 4.)

On December 19, 2016, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Petitioner of his right to reply to the Government's Response and providing him 21 days from receipt of the Court's Order to do so. (Doc. No. 7.) The Court also notified Petitioner that failure to reply could result in dismissal of his § 2255 Motion to Vacate without further notice. (Doc. No. 7.) As of the filing of this Order, Petitioner has not filed a reply to the Government's Response, and the Court finds that he has had ample time to do so.

I. DISCUSSION

Rozelle's sole claim is that his conviction under 18 U.S.C. 1959(a)(4) must be vacated in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). (Mot. 7, Doc. No. 1.) In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2556, 2558.

The ACCA provides for a mandatory minimum sentence of 15 years in prison for a

defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." Id. § 924(e)(2)(B) (emphasis added). The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause, which Johnson struck as unconstitutional. 135 S. Ct. at 2556, 2558. The Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause." Id. at 2563.

Thus, a defendant who was sentenced under the ACCA to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence. In Welch v. United States, the Supreme Court held that the ruling in Johnson applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Rozelle was not convicted of being a felon in possession of a firearm. Therefore, he was not sentenced under the ACCA. Rozelle contends, however, that the holding in Johnson extends to the definition of "crime of violence" in 18 U.S.C. § 1959(a)(4), which prohibits "threatening to commit a crime of violence" in aid of racketeering activity. (Mot. 1, 7–8.) "Crime of violence" under § 1959(a)(4) is defined as:

    (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

—


(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (West). The Fourth Circuit recently noted that it was "not persuaded" that Johnson applied only to the ACCA's residual clause and not the residual clause found in § 16(b). See In re Hubbard, No. 15-276, 2016 WL 3181417, at *3 (4th Cir. June 8, 2016).

The Government contends that Rozelle's claim is: 1) barred by the limitations on successive motions under § 2255(h)(2), because the rule announced in Johnson has no bearing upon the validity of his convictions; 2) untimely under the statute of limitations; and 3) procedurally barred because he failed to raise his claim on direct review. (Resp., Doc. No. 6.) The Court finds it unnecessary to address these defenses because, as the Government also argues, Rozelle was not convicted of any offense to which Johnson might apply.

Whether the holding in Johnson applies to the definition of "crime of violence" in § 1959(a)(4) is irrelevant in Rozelle's case because he was not convicted of violating § 1959(a)(4). He was convicted of violating §§ 1959(a)(1), (3) & (6), which do not include the term "crime of violence" or rely on a definition supplied by 18 U.S.C. § 16(b).[1] Consequently, the holding in Johnson has no bearing on Rozelle's claim.

**IT IS, THEREFORE, ORDERED THAT:**

1. The Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1) is **DENIED**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court declines to issue a certificate of appealability

---

[1] Sections 1959(a)(1)-(6) establish punishments for certain crimes committed in aid of racketeering. Section 1959(a)(1) applies to murder; section (a)(3) applies to assault with a dangerous weapon or assault resulting in serious bodily injury, and (a)(6) applies to attempting or conspiring to commit a crime involving maiming, assault with a dangerous weapon, or assault resulting in serious bodily injury.

as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: April 21, 2017

Frank D. Whitney
Chief United States District Judge