# UNITED STATES DISTRICT COURT
for the

WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> MICHAEL TODD ROZELLE | ) <br> ) <br> ) Case No: 3:92-CR-000284-007 <br> ) USM No: 09871-058 |
| Date of Original Judgment: 07/22/1993 <br> Date of Previous Amended Judgment: 05/19/2014 <br> *(Use Date of Last Amended Judgment if Any)* | ) <br> ) Joshua Carpenter <br> ) *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of N/A months **is reduced to** N/A.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 07/22/1993 shall remain in effect.

**IT IS SO ORDERED**.

Frank D. Whitney
United States District Judge

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: MICHAEL TODD ROZELLE
CASE NUMBER: 3:92-CR-00084-001
DISTRICT: WESTERN DISTRICT OF NORTH CAROLINA

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

| | | | |
|---|---|---|---|
| Initial Total Offense Level: | 43 | First Amended Total Offense Level: | 43 |
| Criminal History Category: | IV | Criminal History Category: | IV |
| Previous Guideline Range: | Life | Amended Guideline Range: | Life |

| | |
|---|---|
| Post-First Step Act Amended Total Offense Level: | 42 |
| Criminal History Category: | IV |
| Previous Guideline Range: | 360 to Life |

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

[✔] The current sentence of 600 months within the post-First Step Act Amended Guideline Range, and as explained below, no sentence reduction is warranted under § 3553(a).
[ ] The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
[ ] The reduced sentence is above the amended guideline range.
[ ] The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

Defendant is eligible for a reduction in his sentence because his sentencing guideline range has changed. Defendant, however, does not qualify for relief from his current sentence because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the factors listed in Title 18 U.S.C. § 3553(a). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

In accordance with 18 U.S.C. § 3553(a), the Court must consider the nature and circumstances of the offense and the history and characteristics of the Defendant prior to granting a reduction in sentence. Defendant's offense conduct included two murders — one at point-blank range when he shot a woman who was holding her seven-month-old daughter in the back of her head for the purpose of stealing five to six ounces of crack cocaine. Defendant also pistol-whipped two Sudanese victims, leaving one of his victims unconscious. Defendant's history of violent and murderous offenses justifiably warrants the 600-month sentence he is currently serving. That sentence is sufficient but no greater than necessary to accomplish the sentencing objectives of section 3553(a), including the need to protect the public, the need for just punishment, the need for deterrence, and the need for the sentence to take into account the seriousness of Defendant's offense conduct and his history and characteristics.

This Court recognizes and applauds the strides Defendant has apparently made while incarcerated, but his violent offense conduct and the need to protect the public and provide just punishment weigh strongly against any further sentence reduction. Therefore, Defendant does not qualify for relief from his 600-month sentence because the nature and circumstances of his offenses — involving both serious drug-trafficking and murder — do not support a sentence reduction.